UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ivan Lamont Sleet,<br><br>Petitioner,<br><br>v.<br><br>R. Marques, Warden,<br><br>Respondent. | Case No. 19-cv-834 (DWF/TNL)<br><br>**REPORT AND RECOMMENDATION** |

Ivan Lamont Sleet, 611 North Capitol, Indianapolis, IN 46204 (*pro se* Petitioner); and

Ana H. Voss, Ann M. Bildtsen, and Erin M. Secord Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for Respondent R. Marques).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Petitioner Ivan Lamont Sleet's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1). This action has been referred to the undersigned magistrate judge for a Report and Recommendation to the Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that the petition be denied.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota, where he is serving a 351-month aggregated prison term. (ECF No. 9, p. 2; 9-1, p. 3). His current projected release date is October 5, 2019. (ECF No. 9-1, p. 1).

On March 25, 2019, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). Petitioner claims that the Bureau of Prisons ("BOP") has not recalculated his good conduct time as required by the First Step Act. (ECF No. 1, pp. 6-7). Respondent answered the Petition on April 25, 2019. (ECF No. 8). Respondent argues that the First Step Act does not require recalculation of Petitioner's good conduct time until the Attorney General completes an updated risks and needs assessment and that the petition is premature as a result. (ECF No. 8).

## II.  ANALYSIS

A person detained by the government may file a writ of habeas corpus to challenge the legality of his or her confinement and, if successful, obtain his or her release. *See Preiser v. Rodriguez,* 411 U.S. 475, 485 (1973). As relevant here, a person is not entitled to habeas relief unless he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A writ of habeas corpus is the appropriate vehicle for an inmate to seek a remedy that would result in an earlier release from prison. *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014)

Petitioner argues that he is entitled to earlier release if his good conduct time is recalculated under the First Step Act. Before passage of the First Step Act, prisoners not serving life sentences were eligible to receive good time credit "up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term. First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194, 5210. Following passage of the First Step Act, prisoners now may receive good time credit "of up to 54 days for each year of the prisoner's sentence imposed by the court." *Id*. The

2

practical effect of this change is that prisoners are now eligible to receive the maximum 54 days of good credit time when, under the previous language, an inmate would actually be eligible for only 47 days of good time conduct. *See United States v. Daniels*, No. 11-cr-1, 2019 WL 2354388, at *1 (D. Conn. June 4, 2019); *see also Barber v. Thomas*, 560 U.S. 474, 477-79 (2010) (explaining previous system of calculating good time). The amendment to Section 3624(b)(1) becomes effective when the Attorney General releases its "risk and needs assessment system," which must be done no later than 210 days after enactment of the First Step Act. First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194, 5213. Based on the record before the Court, the risk and needs assessment system has not yet been completed.

It appears Petitioner is arguing that, under the First Step Act, he is entitled to have his good time credit recalculated immediately. Typically, a statute takes effect the day it is enacted. *Johnson v. United States*, 529 U.S. 694, 702 (2000). But a statute may take place on a date other than the date of its enactment if there is an "explicit provision to the contrary." *United States v. York*, 830 F.2d 885, 892 (8th Cir. 1987). In this case, the First Step Act contains an explicit provision to the contrary. The First Step Act clearly states that good time credits can be recalculated only after the Attorney General releases its risk and needs assessment system. First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194, 5196, 5213. Assuming the Attorney General takes the maximum 210 days allowed under law, the new assessment system will be released in mid-July 2019. As of the date of this Report and Recommendation, the release of that system not yet occurred. As a result, Petitioner's claim is premature.

In some cases, the Court may overrule the plain text of a statute. The starting point for interpreting any statute is always the "language of the statute itself." *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108 (1980). But the Court may depart from the plain language of a statute when strict adherence to the text itself would result in an outcome at "odds with the intentions of its drafters" or in an absurd result. *Owner-Operator Indep. Drivers Ass'n, v. United Van Lines, LLC*, 556 F.3d 690, 693-94 (8th Cir. 2009) (citations omitted). Here, however, the statutory language is clear and unambiguous as to its effective date. Petitioner makes no argument showing that the statute's effective date would lead to absurd results. In fact, it would be rational for Congress to delay the effective date of this good conduct time amendment so the BOP would have adequate time to prepare and implement a new system for calculating good time. *See Daniels*, 2019 WL 2354388, at *4 (reaching same conclusion). Though, this would be a harsh result for those inmates who would eligible for release if the BOP recalculated their good time credits immediately, it is not an absurd result, given the need for the BOP to determine what inmates the First Step Act will impact and to make plans for those inmates' release. Once the new risk and needs assessment system is released, Petitioner will be eligible for recalculation of his good time credit and, if appropriate, his immediate release. The Court therefore recommends that Petitioner's claim for recalculation of his good time credit be denied without prejudice.

This Court also recommends that no evidentiary hearing be held. The dispute can be resolved on the basis of the record and legal arguments submitted by the parties. *Wallace v. Lockhart*, 701 F.2d 719, 729–30 (8th Cir. 1983).

4

### III.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (ECF No. 1), be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Date: July 18, 2019                                       *s/ Tony N. Leung*
                                                          Tony N. Leung
                                                          United States Magistrate Judge
                                                          District of Minnesota

                                                          *Sleet v. Marques*
                                                          Case No. 19-cv-834 (DWF/TNL)

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).